IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 NOV 21 PM 1:52

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MICHAEL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. : 02-JEO-1594-S |
| ) | |
| CROWN CENTRAL PETROLEUM ) | |
| CORPORATION, ) | **ENTERED** |
| ) | |
| Defendant. ) | NOV 21 2003 |

### MEMORANDUM OPINION

This case is before the court on the motion of the defendant, Crown Central Petroleum Corporation ("Crown" or "the defendant"), for summary judgment. (Doc. 9).[1] For the reasons set out herein, the defendant's motion is due to be granted.

### PROCEDURAL HISTORY

The plaintiff, Michael Williams ("Williams" or "the plaintiff"), filed his complaint on May 15, 2002, in the Jefferson County Circuit Court alleging negligence due to an injury caused by a fall on the defendant's property. (Doc. 1, Ex. A). On June 28, 2002, the defendant filed its answer and notice of removal in this court premised upon diversity jurisdiction. (Doc. 1). Thereafter, on April 3, 2003, the defendant filed its motion for summary judgment and brief and evidentiary materials in support thereof. (Doc. 9). On April 25, 2003, the plaintiff responded with his opposition to summary judgment (doc. 11), to which the defendant replied on May 12, 2003 (doc. 13).

---

[1] References to "Doc. ___" are to the documents as numbered by the clerk of court in the court's record of the case.

17

## FACTS[2]

Between 5:30 and 6:30 a.m. on May 16, 2000, the plaintiff stopped at the Crown Service Station on Jefferson Avenue in Birmingham, Alabama, to get gas on his way to take his wife to physical therapy at HealthSouth. (Williams Dep. at 26-27).[3] As the plaintiff was walking into the store to pay the attendant, he slipped and fell on the concrete. (*Id.*). When he looked back to see what caused him to fall, he saw a gleaming, oily substance that appeared to have been on the ground for a while because it was spread out to an area about four feet by four feet and had some grit in it. (*Id.* at 40).

The plaintiff then pulled himself up, limped to the attendant's security booth to pay, and told the clerk, who was locked up in the booth, that he hurt his knee and back. (*Id.* at 40). He did not see any other attendants on the premises. (*Id.*). The plaintiff then paid for his gas, limped back to his car, and proceeded to drive his wife to HealthSouth. (*Id.* at 41). While waiting for his wife at HealthSouth, the plaintiff's leg began to swell and hurt so he went upstairs to the emergency room. (*Id.* at 42). Tests revealed that the plaintiff had torn ligaments in his leg, for which he subsequently underwent several surgeries. (*Id.* at 44, 47).

## DISCUSSION

### Summary Judgment Standard

Summary judgment is to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the declarations, if any, show that there is

---

[2] The facts set out below are gleaned from the parties' submissions and are viewed in a light most favorable to the plaintiff. They are the "'facts' for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994)." *Underwood v. Life Ins. Co. of Georgia*, 14 F. Supp. 2d 1266, 1267 n.1 (N.D. Ala. 1998).

[3] Excerpts from Williams' deposition are located at Doc. 12, Ex. 2.

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970).

The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the moving party has met her burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. The nonmoving party need not present evidence in a form necessary for admission at trial; however, the movant may not merely rest on the pleadings. (*Id.*).

After a motion has been responded to, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## "Slip and Fall" Law

The parties agree that the plaintiff in a slip and fall case must prove:

> "(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance's presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance."

*Cox v. Western Supermarkets, Inc.*, 557 So. 2d 831, 832 (Ala. 1990) (quoting *Winn-Dixie Store No. 1501 v. Brown*, 394 So. 2d 49 (Ala. Civ. App. 1981). The parties also agree that the defendant did not have actual notice of any substance on the ground. However, the plaintiff argues that the substance had been on the floor so long that either constructive notice was imputed to the defendant, or the defendant was delinquent in not discovering and removing the hazard. (Doc. 11).

## Constructive Notice

The plaintiff first argues that summary judgment is due to be denied because there is sufficient evidence of constructive notice to the defendant. Although the plaintiff did not know how long the substance had been on the ground, he argues that he did note that it was "spread out," and, therefore it "seemed to him it had been there for a while." (Doc. 11 at 6, citing Williams Dep. at 67). The plaintiff further points out that while the substance was "shiny" or "clean," he did notice the presence of grit. (*Id.* at 7, citing Williams Dep. at 40). The defendant retorts that this evidence is insufficient as a matter of law. (Doc. 13 at 4).

While the plaintiff does not necessarily have to offer direct evidence as to how long the

4

foreign substance was on the ground, he must at least offer enough evidence to establish an inference that the substance was on the ground long enough that the defendant should have discovered it and removed it. *See Cash v. Winn-Dixie*, 418 So. 2d 874 (Ala. 1982). Because negligence cases are so fact determinative, an analysis of slip and fall cases in Alabama is helpful at this juncture.

In *Cash*, the plaintiff stepped on a can and fell down. *Cash*, 418 So. 2d at 875. While the store manager testified that although he saw a can in the vicinity where the plaintiff fell, he did not see any evidence that the can had been stepped on or that the can had slid across the floor. *Id.* at 876. The manager also testified that he had been in the same area some two and a half hours before the plaintiff's fall and he did not see a can in the floor at that time. *Id.* Further, the evidence showed that the floor had been swept twice the day of the plaintiff's fall, the last time being four hours prior to the accident. *Id.* The court, affirming summary judgment for the defendant, found that no evidence existed that the can had been on the floor long enough to be "bent, mashed or mutilated." *Id.* Accordingly, the court concluded that the can could have been dropped onto the floor by another customer just minutes before the plaintiff's fall. *Id.*

In *Wimberly v. K-Mart, Inc.*, 522 So. 2d 260, 261 (Ala. 1988), the plaintiff slipped inside the store on a clear liquid, that could have been oil, detergent, or bubble liquid, that contained a little dirt and grime. Reversing the circuit court's grant of summary judgment, the court found that evidence existed that would allow a jury to conclude that the substance had been on the floor long enough to collect dirt and grime, and, therefore, constructive notice of the substance was imputed to the defendant. *Wimberly*, 522 So. 2d at 261.

In *Vargo v. Warehouse Groceries Management*, 529 So. 2d 986 (Ala. 1988), the plaintiff

5

fell on water in front of an ice machine inside the defendant's store. Both the plaintiff and a witness testified that they saw several puddles in front of the machine. *Vargo*, 529 So. 2d at 986. The defendant offered testimony from a store employee that he did not see any water on the floor or any evidence of somebody having fallen and that he had never been aware of a problem with customers dropping ice on the floor. *Id*. The court found that the plaintiff offered no evidence that would show that the water had been on the floor long enough to impute constructive notice to the defendant. *Id*. at 987. The only evidence that plaintiff offered was her own testimony and that of her witness that the water "looked like it had been there for awhile." *Id*. The court reasoned that, in light of the evidence, the water could have been dropped on the floor just minutes before the plaintiff fell and that any finding that the defendant was negligent would be based on speculation. *Id*.

In *Kenney v. Kroger Co.*, 569 So. 2d 357 (Ala. 1990), the plaintiff slipped and fell in a pool of Pine-Sol. *Kenney*, 569 So. 2d at 358. After her fall, the plaintiff's clothing was saturated with the substance and a bottle of Pine-Sol was found on the shelf with the cap missing. *Id*. The defendant offered testimony that the floors were cleaned that morning between 6 a.m. and 9 a.m. and the plaintiff fell about 10:44 a.m. *Id*. at 359. The court found that a reasonable person could infer that the amount of time it takes Pine-Sol to puddle on the floor is a sufficient amount of time to put the defendant on constructive notice of its existence. *Id*. The court also noted in its statement of facts that the smell of Pine-Sol "permeated" the area where the fall occurred. *Id*. at 358.

In *Logan v. Winn-Dixie*, 594 So. 2d 83, 84 (Ala. 1992), the plaintiff fell on a concrete ramp going into the defendant grocery store and later found yellow paint on the bottom of her

shoe. Because the defendant presented testimony and evidence that there was no wet paint around the area and that no painting had been done even in the month preceding the plaintiff's fall, nothing, other than speculation would establish any negligence on the defendant's part. *Id*. Noting that "evidence which affords nothing more than speculation, conjecture, or guess is wholly insufficient to warrant submission of a case to the jury," the court affirmed summary judgment. *Id*. at 84-85.

Finally, in *Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d 1247 (Ala. 2001), the court undertook an analysis of slip and fall cases that is particularly helpful in the instant case. In that case, the plaintiff slipped on shampoo in the cosmetics aisle of the defendant store. *Ex parte Wal-Mart* at 1249. Five to seven minutes before the plaintiff's fall, a Wal-Mart employee had been on her hands and knees on the floor just ten inches from where the plaintiff fell, watching a suspected shoplifter. *Id*. at 1249-50. The only evidence that the plaintiff offered was her own testimony that the shampoo was "sticky and . . . half dry, like it had been down there some time," and that it was "clear on the floor," and testimony of the Wal-Mart associate that she could see pallet jack tracks in and around the spill.[4] *Id*. at 1250. In its analysis, the court examined *Vargo, supra*; *Hose v. Winn-Dixie Montgomery, Inc.*, 658 So. 2d 403 (Ala. 1995); and *Speer v. Pin Palace Bowling Alley*, 599 So. 2d 1140 (Ala. 1992).

Like the plaintiff in *Vargo*, the only evidence the *Wal-Mart* plaintiff had was her own testimony that the substance looked like it had been on the floor for a while. *Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d at 1251. Similarly, in *Hose*, the plaintiff slipped and fell in what she

---

[4] The court found that the plaintiff misstated the associate's testimony and, therefore, this testimony was not considered in the court's decision.

described as a "murky liquid substance" that "looked like people had been walking in it." *Id.* at 1251 (citing *Speer*, 599 So. 2d at 404-05). The *Hose* plaintiff was, however, unable to explain what the substance was or what made it look as if people had been walking in it. *Id.* On the other hand, the defendant presented the testimony of a store clerk who had walked down the aisle five to ten minutes before the plaintiff fell. *Id.* In *Speer*, the plaintiff slipped and fell in a bowling alley. The plaintiff did not present any evidence as to the nature or origin of the substance in which she fell. Accordingly, the trial court's grant of summary judgment was affirmed. *Ex parte Wal-Mart Stores*, 806 So. 2d at 1251.

In affirming summary judgment for the defendant in the *Wal-Mart* case, the court noted that "[m]ere conclusory allegations or speculation that a fact exists will not defeat a properly supported motion for summary judgment," and that "[b]are argument or conjecture will not satisfy [the plaintiff's] burden to offer facts to defeat [a] motion [for summary judgment]." *Id.* at 1251. The court likened the plaintiff's testimony to that in *Speer*, where the plaintiff offered nothing more than speculation or conjecture regarding the nature of the substance that she fell in, the length of time the substance had been on the floor, and as to whether the defendants were delinquent in finding the substance and cleaning it up. *Id.*

While the facts of the present case are not directly on point with any of the aforementioned cases, they bear similarity to several. In the instant case, the plaintiff fell in the parking lot outside of a gas station. While he speculated that he fell in oil, he is not certain what he slipped in.[5] Further, he testified that the substance had some "grit" in it, evidence that would

---

[5] Because the parties did not submit complete deposition transcripts, the court has only excerpts of testimony to rely upon. Nonetheless, the plaintiff testified in his deposition that, "To the best of my knowledge, it's oil, clean oil," and nothing else was offered to support his contention. (Williams Dep. at 40, excerpts of which are found at Doc. 12, Ex. 2).

hold more weight if he had slipped inside a store. However, the fact that the substance was on the ground outside at a gas station tends to lessen the impact of grit being in the substance. The substance could have as easily leaked or spilled onto the grit as the grit could have accumulated in the same. Other than the plaintiff's testimony that it looked like it had been there a while, which the Alabama Supreme Court has held to be inadequate to impute constructive notice to the defendant, the plaintiff has offered no other evidence. *See supra Vargo v. Warehouse Groceries Mgmt.* and *Ex parte Wal-Mart Stores, Inc.*

Additionally, the plaintiff fell sometime between 5:30 and 6:30 a.m. The defendant's store manager stated in her affidavit that she inspected the premises at 5:30 a.m. on the morning in question and did not see any foreign substance on the ground. (Hines Aff. ¶¶ 3 & 4).[6] This evidence is not disputed. Another employee of the defendant stated in her affidavit that she, too, conducted an inspection of the premises that morning before her shift began between 5:30 and 6:00 a.m., and did not see any foreign substances. (Harris Aff. ¶ 3).[7] Lastly, both Hines and Harris stated that they inspected the premises around 10:30 a.m., approximately four hours after the incident, neither saw any foreign substance on the ground. (Hines Aff. ¶ 5; Harris Aff. ¶ 7).

In accordance with the foregoing authorities, this court finds that evidence based on speculation and conjecture is simply not enough to impute constructive notice to the defendant and overcome summary judgment. The defendant's motion for summary judgment therefore is due to be granted.

---

[6] Ms. Hines' affidavit is found at Doc. 9, Ex. 6.

[7] Ms. Harris' affidavit is found at Doc. 11, Ex. 7.

### Delinquency of Defendant in Not Discovering and Removing the Hazard

The plaintiff next argues that the "[d]efendant was deficient with respect to it's procedures for maintaining or cleaning the premises." (Doc. 11 & Doc. 12, Ex. 1).[8] In support of his argument, the plaintiff relies on *King v. Winn-Dixie of Montgomery, Inc.*, 565 So. 2d 12 (Ala. 1990) and *Kenney v. Kroger Co.*, 569 So. 2d 357 (Ala. 1990). (Doc. 11 at 8).

In *King*, the plaintiff slipped in water at the front door of the store on a rainy day. *King*, 565 So. 2d at 12. The defendant's store manager testified that the floors were mopped every thirty minutes when it was raining. The assistant store manager testified that the floors were checked "as needed" on rainy days. *Id*. The fact that water was present on the floor was undisputed. *Id*. The Alabama Supreme Court determined that it could not say, as a matter of law, that under the circumstances the defendant was not delinquent in not finding and removing the water, and therefore reversed the trial court's grant of summary judgment. *Id*.

However, the facts of that case are easily distinguishable from the instant case. In *King*, it was raining outside. The defendant knew it was raining and had a policy of mopping the floors every thirty minutes or as needed on rainy days. Obviously, floors are more likely to be wet and slippery on rainy days. Because the defendant knew of the rainy conditions, and the liklihood of water being on the floor, the court could not determine that they were not delinquent in failing to remove the water as a matter of law.

On the other hand, in the instant case, the defendant had no knowledge or reason to suspect that there would be any substance on the ground either before the plaintiff's fall. Two

---

[8] The plaintiff's "Memorandum Brief in Opposition to Summary Judgment" is found at both Doc. 11 and Ex. 1 to its "Submission in Opposition to the Defendant's Motion for Summary Judgment." (Doc. 12).

employees of the defendant testified that they conducted an inspection of the premises shortly before and sometime after the plaintiff's fall and neither found a foreign substance. Their testimony that they failed to observe any foreign substance before the fall is undisputed. The mere fact that the defendant's policy might have been to clean the premises at midnight and not again until morning is irrelevant because inspections of the premises were conducted shortly before the incident and revealed nothing that needed correcting.[9]

As discussed previously, in *Kenney*, the plaintiff fell in a puddle of Pine-Sol and the court found that a reasonable person could conclude that the amount of time it takes Pine-Sol to puddle on the floor is a sufficient amount of time to put the defendant on constructive notice of its existence, thereby making the defendant delinquent in finding and removing the substance. Because there was a fact dispute concerning how long the Pine-Sol had been on the floor, the Supreme Court reversed the trial court's granting of the defendant's motion for summary judgment.

In the instant case, the plaintiff asserts that at the time of the defendant's inspection of the premises, the plaintiff's accident had not occurred. (Doc. 11). That is true, but not dispositive. To the contrary, the fact benefits the defendant. The undisputed evidence demonstrates that the substance was not on the ground within approximately thirty minutes of the plaintiff's fall. Therefore, the evidence shows that the substance was on the ground only shortly before the

---

[9] The plaintiff offered the affidavit of Cherry Henderson, a neighbor of the plaintiff who also, coincidentally, used to work for the defendant. (Doc. 12, Ex. 4). In her affidavit, Ms. Henderson testifies that when she worked for the defendant from January 1997 until January 2000, the premises was cleaned between 12:00 a.m. and 1:00 a.m., after which, the clerk stayed locked up in the security booth until 6:00 a.m. This testimony, although not probative to the court because of the fact that Ms. Henderson no longer works for the defendant, and is, therefore, not necessarily charged with knowledge of its working procedures during the relevant time, is not in conflict with the defendant's testimony. Neither employee that testified on the defendant's behalf alleges that she cleaned the premises during the night. Instead, they allege that they inspected the premises when going off shift and coming on and observed no foreign substance that would warrant cleaning.

plaintiff fell, tending to show that the defendant was not delinquent in not discovering and removing it. This is contrary to the situation in the *Kenney* case where the floor had not been checked for almost two hours in a heavily trafficked area.

Under the specific circumstances before the court, the undersigned concludes that the evidence is insufficient as a matter of law for a jury to conclude that the defendant was delinquent in failing to discover and remove the hazard in this case. To find otherwise would impose an unreasonable duty on the defendant in this case.

## CONCLUSION

Premised on the foregoing, the defendant's motion for summary judgment is due to be granted. An order in accordance with the court's findings will be entered contemporaneously herewith.

DONE, this 21st day of November, 2003.

JOHN E. OTT
United States Magistrate Judge